VENABLE LLP
Kimberly Culp Cloyd (SBN 238839)
Email: kculp@Venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755

Damon W.D. Wright (pro hac vice to be filed)
Meaghan H. Kent (pro hac vice to be filed)
Email: dwdwright@venable.com
       mhkent@venable.com
575 7th St. NW
Washington, D.C. 20004
Telephone: (202) 344-4937
Facsimile: (202) 344-8300

Attorneys for Plaintiff
Bayliss Media Group

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| BAYLISS MEDIA GROUP, | Case Number: |
| Plaintiff, | **COMPLAINT FOR**: |
| | (1) DIRECT COPYRIGHT INFRINGEMENT |
| v. | (2) CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| DAVID HOLLANDER, LIBERTY GROUP, LLC | (3) BREACH OF CONTRACT |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff Bayliss Media Group (hereinafter "BMG" or "Plaintiff"), for its Complaint against David Hollander ("Mr. Hollander") and Liberty Group, LLC ("Liberty Group") (collectively, "Defendants"), complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 because the action alleges, inter alia, violations of the U.S. Copyright Act of 1976, 17 U.S.C. § 101 et seq.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over any state law claims because the state law claims arise out of the same nucleus of operative fact and is so related to the federal cause of action that they form the same case or controversy.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the parties agreed in the contract at issue in this case that jurisdiction and venue would lie in this judicial district.

4. BMG is informed and believes and, on that basis, alleges that Defendants are subject to the personal jurisdiction of this Court because Defendants transact substantial business, are headquartered in, resident in, and otherwise have caused tortious injury to BMG, in the State of California and because the parties agreed in the contract at issue in this case that jurisdiction and venue would lie in this judicial district.

## PARTIES

5. BMG is a California corporation with its principal place of business in Truckee, California.

6. Defendant Mr. Hollander is an individual residing in Oakland, California.

7. Liberty Group is a California limited liability company with its principal place of business in Oakland, California.

## FACTUAL ALLEGATIONS

8. BMG is a well-known and highly sought after independent advertising agency that specializes in generating leads for financial advisors. It offers products and services to

1  financial services and related companies, including creating and licensing exclusive radio show
2  content and radio commercials.
3      9.    Upon information and belief, Mr. Hollander is an attorney and according to the
4  Liberty Group website, the President and CEO of Liberty Group, LLC and "a registered
5  broker/dealer and investment adviser. Mr. Hollander hosts a radio show called "Protect Your
6  Assets" on KNBR 680 in the San Francisco Bay Area and KNST in Tucson, Arizona.
7      10.   In 2010, Defendants contracted with BMG, which wrote radio shows and
8  commercials that it then licensed to Mr. Hollander and Liberty Group for use in certain markets.
9  The shows and commercials that BMG created were licensed to Defendants as its client for a
10 monthly fee, and BMG maintained all copyright ownership of these materials ("BMG created
11 materials").
12     11.   In April 2015, BMG and Defendants executed a written contract memorializing
13 their agreement that had until then been verbal ("2015 BMG-Liberty Contract"). The 2015
14 BMG-Liberty Contract is attached hereto as Exhibit A. The relevant portions of the 2015 BMG-
15 Liberty Contract provide that the copyright in all materials created by BMG for Defendants' use
16 is owned by BMG, licensed to Defendants for the term of the contract, and if the contract is
17 terminated, the license is also terminated and Defendants may no longer use the BMG created
18 materials. *See* ¶4. Further, the 2015 BMG-Liberty Contract provides for liquidated damages of
19 $100,000 per improper use, broadcast, distribution or infringement if Defendants violate the
20 terms, including infringing on BMG's copyright. ¶5(c). This agreement was signed by David
21 Hollander individually and on behalf of Liberty Group on April 12, 2015. *Id.* p. 3.
22     12.   At all times relevant to this Complaint, the BMG created materials have included
23 a copyright notice, the latest of which states: "Copyright © 2015 Bayliss Media Group."
24     13.   The BMG created materials further state: "All rights reserved. Copyright in all
25 content and materials belongs exclusively to Bayliss Media Group (BMG). Client and radio
26 station shall keep all such content and materials confidential and shall not disclose such content
27 and materials to any other financial/insurance advisors, advertising agencies, or marketing
28 organizations. Client is only licensed to use content and materials as an active client of BMG.

1  BMG reserves the right to withdraw Client's license to use any and all content and materials at
2  any time.  Content and materials can only be used as their original intent, and may not be re-
3  purposed in whole or in part for other uses, or for use on the internet. No material may be copied,
4  altered, transmitted, or distributed in whole or in part without prior written permission from
5  BMG. Client agrees that use of this content and services of BMG constitutes acceptance of these
6  terms."

7  14.  The content of the BMG created materials, including the text and arrangement of
8  component parts, are wholly original works that constitute copyrightable subject matter under the
9  laws of the United States.

10  15.  The content of the BMG created materials were created and/or authored by
11  employees of BMG as works for hire.  Accordingly, BMG is the copyright owner of the BMG
12  created materials in whole and its component parts.

13  16.  BMG owns all right, title, and interest in the BMG created materials.  BMG has
14  complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 et seq., and applied
15  with the U.S. Copyright Office for copyright registrations for the BMG created materials.  The
16  copyright applications containing the BMG created materials were applied for as: *Show in a Box
17  Radio Show Scripts/Content*, applied for September 9, 2015, Appln. No. 1-2687384271; *Show in
18  a Box Radio Show Scripts/Content Through February1th, 2016) Book #1 – Shows #139B-#169*,
19  applied for February 16, 2016, Appln. No. 1-3134657439; *BMG Scripts (January 2015 –
20  February 2016) Book #1*, applied for February 16, 2016, Appln. No. 1-3134657403.

21  17.  On June 30, 2015, Defendants unilaterally terminated the 2015 BMG-Liberty
22  Contract.  In response, BMG reminded Defendant Mr. Hollander verbally and in writing that
23  when he terminated the 2015 BMG-Liberty Contract, the license to use BMG created materials
24  was also terminated.  As such, Defendants were informed and knew that any use of the BMG
25  created materials after June 30, 2015 was unlicensed, constituted copyright infringement, and
26  breached the 2015 BMG-Liberty Contract.  Nonetheless, Defendants have continued to use the
27  BMG created materials.

18. BMG subscribes to a monitoring service for all radio stations in San Francisco. This monitoring service has recorded audio evidencing numerous examples of infringement by Defendants of the BMG created materials, including the specific date and time of the performance and broadcasts of Defendants' show on KNBR and commercials across San Francisco radio stations.

19. Specifically, in Mr. Hollander's weekly "Protect Your Assets" show on KNBR-M in San Francisco, CA and KNST-AM in Tucson, AZ, Defendants have continued to use the show openers/monologues, segment openers, commercial teasers, produced show components, and calls to action – all of which were written by BMG.

20. In addition, Defendants used the commercial scripts that were written by BMG on several radio stations throughout San Francisco (KGO-AM; KSFO-AM and KNBR-AM).

21. One example includes a script written by BMG on April 17, 2015 for a 60-second commercial for "I Hate Taxes" that was licensed to Defendants pursuant to the terms of the 2015 BMG-Liberty Contract. Defendants have infringed this at least three separate times on March 16th, 2016 at 8:10AM; 8:32AM; and 8:47AM.

22. A second example includes a script written by BMG for a 60-second commercial called "Financial Independence." Defendants have infringed this numerous times on radio stations in San Francisco. More specifically, it ran on KSFO-AM on January 27, 2016 at 7:42AM; January 28, 2016 at 10:19AM; on February 2, 2016 at 8:54AM; and on KGO-AM on January 27, 2016 at 8:44AM; on January 28, 2016 at 11:34AM; and on February 2, 2016 at 2:57PM.

23. Numerous other examples of infringement exist including infringement of various show openers/monologues. A small sampling includes:
   a. the show opener/monologue from the "Reboot Your 401K" written by BMG (show #97) was infringed on September 5, 2015;
   b. the show opener/monologue from the "Tax Efficient Strategies Show" written by BMG (show #50) was infringed on November 21, 2015.

    c.   the show opener/monologue from the "Biggest Risk Facing Retirees" written by BMG (show #33) was infringed on December 5, 2015;

    d.   the show opener/monologue from the "Retirement Boot Camp" written by BMG (show #9) was infringed on January 9, 2016;

## FIRST CAUSE OF ACTION

## Copyright Infringement

24. BMG incorporates by reference the foregoing paragraphs as if fully set forth herein.

25. Defendants had access to the BMG created materials through the parties' verbal and then written license agreement. Defendants are using, copying, creating derivative works from, performing and broadcasting or causing others to broadcast, the BMG materials or derivatives thereof without BMG's permission or license. These performances and broadcasts are the same as or substantially similar to the BMG created materials, for which BMG has applied for copyright registration.

26. Defendants are willfully infringing BMG's copyrights in the BMG created materials by unlawfully verbatim reproducing, improper paraphrasing, preparing derivative works, performing, and publicly broadcasting to the public identical or substantially similar content in violation of the U.S. Copyright Act, 17 U.S.C. § 106. Since Defendants' termination of the 2015 BMG-Liberty Contract on June 30, 2015, at no time has BMG authorized Defendants to reproduce, prepare derivative works, perform, or publicly broadcast the BMG copyright protected materials or any portion thereof.

27. Defendants' infringements were and are willful, and executed with full knowledge of BMG's copyrights in the BMG created materials, and in conscious disregard of BMG's exclusive rights in those materials.

28. By reason of Defendants' infringement, BMG has sustained and will continue to sustain substantial injury, loss, and damage to its ownership rights.

29. Further irreparable harm to BMG is imminent as a result of Defendants' conduct, and BMG is without an adequate remedy at law. BMG is therefore entitled to an injunction, in

1   accordance with 17 U.S.C. § 502, restraining Defendants, their officers, directors, agents,

2   employees, representatives, assigns, and all persons acting in concert with Defendants from

3   engaging in further acts of copyright infringement.

4       30.    BMG is further entitled to recover from Defendants the damages sustained by

5   BMG as a direct and proximate result of Defendants' acts of infringement.  BMG is at present

6   unable to ascertain the full extent of the monetary damage it has suffered by reason of

7   Defendants' acts of copyright infringement.

8       31.    BMG is further entitled to recover from Defendants the gains, profits, and

9   advantages Defendants have obtained as a result of its acts of copyright infringement. BMG is at

10  present unable to ascertain the full extent of the gains, profits, and advantages Defendants have

11  obtained by reason of its acts of copyright infringement.

12      32.    At its election, BMG is entitled to recover statutory damages in accordance with

13  17 U.S.C. § 504.

14      33.    BMG is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C.

15  § 505.

## SECOND CAUSE OF ACTION

### Contributory Copyright Infringement

18      34.    BMG incorporates by reference the foregoing paragraphs as if fully set forth

19  herein.

20      35.    Defendants had access to the BMG created materials through the parties' verbal

21  and then written license agreement.  Defendants are using, copying, creating derivative works

22  from, and causing others to broadcast, including various radio stations, including those identified

23  above, the BMG materials or derivatives thereof without BMG's permission or license.  These

24  broadcasts are the same as or substantially similar to the BMG created materials, for which BMG

25  has applied for copyright registration.

26      36.    Third parties, including various radio stations such as those identified above, are

27  directly infringing BMG's copyrighted works in the BMG created materials by broadcasting

28  infringing commercials and shows performed and provided by Defendants, without BMG's

permission or license.  These performances and broadcasts are direct copies of, derivatives of, identical to, and/or substantially similar to the BMG created materials, for which BMG has applied for copyright registration.

37. Defendants had knowledge of, and in fact directed, the infringing activity and have and continue to induce, cause, or materially contribute to the third party broadcast of the infringing content, a direct infringement by those third parties.

38. Defendants' contributory infringement was and is willful, and executed with full knowledge of BMG's copyrights in the BMG created materials, and in conscious disregard of BMG's exclusive rights. Defendants are willfully engaged in contributory copyright infringement by unlawfully verbatim reproducing, improper paraphrasing, preparing derivative works, and causing third parties to broadcast to the public identical or substantially similar content in violation of the United States Copyright Act, 17 U.S.C. § 106.  Since Defendants' termination of the 2015 BMG-Liberty Contract on June 30, 2015, at no time has BMG authorized Defendants to reproduce, prepare derivative works, perform or publicly broadcast the BMG copyright protected materials or any portion thereof.

39. By reason of Defendants' contributory infringement, BMG has sustained and will continue to sustain substantial injury, loss, and damage to its ownership rights.

40. Further irreparable harm to BMG is imminent as a result of Defendants' conduct, and BMG is without an adequate remedy at law.  BMG is therefore entitled to an injunction, in accordance with 17 U.S.C. § 502, restraining Defendants, their officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendants, including various radio stations and their officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with them from engaging in further acts of copyright infringement.

41. BMG is further entitled to recover from Defendants the damages sustained by BMG as a direct and proximate result of Defendants' acts of contributory infringement.  BMG is at present unable to ascertain the full extent of the monetary damage it has suffered by reason of Defendants' acts of contributory copyright infringement.

42. BMG is further entitled to recover from Defendants the gains, profits, and advantages Defendants have obtained as a result of Defendants' acts of contributory copyright infringement. BMG is at present unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of its acts of contributory copyright infringement.

43. At its election, BMG is entitled to recover statutory damages in accordance with 17 U.S.C. § 504.

44. BMG is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

## THIRD CAUSE OF ACTION

### Breach of Contract

45. BMG incorporates by reference each of the preceding paragraphs as if fully set forth herein.

46. BMG and Defendants entered the 2015 BMG-Liberty Contract, attached hereto as Exhibit A, on April 12, 2015.

47. BMG fulfilled its obligations and complied with all conditions of its agreement with Defendants.

48. Defendants unilaterally terminated 2015 BMG-Liberty Contract on June 30, 2015, but continued to use, copy, create derivative works, distribute, perform, broadcast and cause third parties to broadcast, the BMG created materials in breach of the 2015 BMG-Liberty Contract.

49. Defendants breached 2015 BMG-Liberty Contract in numerous ways, including without limitation by the use and disclosure of the BMG created materials, by failing to remove materials from Defendants' website after the termination, by failing to provide at least ninety (90) days written notice of termination, by failing to pay monthly fees for that period, and by failing to pay liquidated damages arising from such termination. Defendants' breach was unjustified and unexcused.

50. Defendants' breach of the 2015 BMG-Liberty Contract t has harmed BMG.

51. By reason of Defendants' breach, BMG has sustained and will continue to sustain substantial injury, loss, and damage.

52. Further irreparable harm to BMG is imminent as a result of Defendants' conduct, and BMG is without an adequate remedy at law. BMG is therefore entitled to an order directing Defendants to comply with the terms of the 2015 BMG-Liberty Contract, including payment of liquidated damages and cessation of use of the BMG created materials provided pursuant to the 2015 BMG-Liberty Contract.

53. BMG is further entitled to recover from Defendants the damages sustained by BMG as a direct and proximate result of Defendants' conduct. BMG is at present unable to ascertain the full extent of the monetary damage it has suffered by reason of Defendants' conduct.

54. BMG is further entitled to recover from Defendants the gains, profits, and advantages Defendants have obtained as a result of Defendants' conduct. BMG is at present unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their conduct.

55. BMG is further entitled to recover its attorney's fees and costs pursuant to the terms of the 2015 BMG-Liberty Contract.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BMG prays for judgment against Defendants and:

1. For a preliminary and permanent injunction enjoining and restraining Defendants and all persons acting in concert with them from reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, performing, and/or broadcasting any materials that are substantially similar to the BMG created materials, including on radio and on the internet, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in Defendants' possession or control;

2. For actual damages and Defendants' profits to be determined at trial, plus interest;

3. For statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504;

4. For liquidated damages of $100,000 per infringement pursuant to the parties' 2015 BMG-Liberty Contract;

5. For other equitable relief, including an accounting and disgorgement of Defendants' revenues and/or profits resulting from the infringement and breach of contract in an amount to be proven at trial;

6. For an award of reasonable attorney's fees and costs under 17 U.S.C. § 505; and

7. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

Date: May 9, 2016

VENABLE LLP

By: /s/ Kimberly Culp Cloyd
Kimberly Culp Cloyd
Damon W.D. Wright
Meaghan H. Kent
Attorneys for Plaintiff Bayliss Media Group